UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YARIEL D. BROWN, MPA/PHD {2020}; COCO III; ZAZA,<br><br>                      Plaintiffs,<br><br>-against-<br><br>THE "GENTE" THAT HAVE AN UNUSUAL ADVANTAGE OF TELE: AND WANT TO COMPETE WITH ME AND TALK TO ME 24/7 NOT 7/11,<br><br>                      Defendant. | 22-CV-7137 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND ORIGINAL SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs bring this action *pro se*. To proceed with a civil action in this Court, the plaintiffs must either pay a total of $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, each plaintiff must submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

      Plaintiffs submitted the complaint without the filing fees. Plaintiff Brown is the only plaintiff who submitted an IFP application, but that application is blank and therefore fails to establish that Brown is unable to pay the filing fees. Plaintiffs Coco III and Zaza did not submit IFP applications. Within thirty days of the date of this order, Plaintiffs must either pay the

$402.00 in fees or each plaintiff must complete, sign, and submit the attached IFP application. If Plaintiffs submit IFP applications, they should each be labeled with docket number 22-CV-7137 (LTS), and provide facts establishing that each plaintiff is unable to pay the filing fees. If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Furthermore, Plaintiffs Coco III and Zaza are directed to resubmit the signature page of the complaint with an original signature to the court within thirty days of the date of this order. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If any plaintiff fails to comply with this order within the time allowed, the Court will dismiss that plaintiff's claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 24, 2022
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 Chief United States District Judge